UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **ALVINA SHAW** | § | |
| *Plaintiff,* | § | |
| **VS.** | § | |
| | § | **Civil Action No. 4:12-CV-01422** |
| **WELLS FARGO BANK, N.A.** | § | |
| *Defendant.* | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Wells Fargo Bank, N.A's ("Wells Fargo") Motion for Summary Judgment and Motion to Dismiss Plaintiff Alvina Shaw's ("Shaw") original petition. Doc. 6. Wells Fargo moves for dismissal under Rule 12(b)(6) and/or for full and final summary judgment pursuant to Fed. R. Civ. P. 56(c).

Having considered Wells Fargo's motion, the absence of a response to the motion, and the applicable law, the Court concludes that Defendant's Motion to Dismiss should be granted pursuant to Federal Rules of Civil Procedure 8, 9, and 12(b)(6).

I. <u>Background and Relevant Facts</u>

On September 20, 2002, Plaintiff Shaw purchased the property located at 13435 Castle Way Drive, Houston, Texas 77083 (the "Property"), executing a promissory note (the "Note") and Deed of Trust (collectively, the "Mortgage") in favor of the original lender, World Savings Bank. Pl.'s Original

Pet. at 2, Doc. 1. The Mortgage was later assigned to Defendant Wells Fargo, and, after Shaw experienced extreme financial difficulties in 2010 and stopped making payments, the Mortgage went into default. Pl.'s Original Pet. at 2, Doc. 1.

Shaw contacted Wells Fargo requesting a loan modification, and information was exchanged for several months. Pl.'s Original Pet. at 3, Doc. 1. During this period Shaw was under the impression that Wells Fargo would not foreclose on the Property until it completed its review of Shaw's loan modification. Wells Fargo, however, proceeded with the foreclosure process and completed the foreclosure sale on October 4, 2011. Pl.'s Original Pet. at 7-8, Doc. 1.

On April 24, 2012, Shaw filed her Original Petition in the 295th Judicial District Court of Harris County, Texas, requesting a declaratory judgment from the Court that the foreclosure sale constituted a "wrongful foreclosure" and that Plaintiff is the sole "title holder" of the Property. Shaw asserted claims for: (1) fraud; (2) wrongful foreclosure due to fraud; (3) wrongful foreclosure due to failure to properly notice; (4) slander of title; (5) promissory estoppel; (6) an accounting; and (7) declaratory and injunctive relief. On May 7, 2012, Wells Fargo removed the case from state court on diversity jurisdiction, and on December 17, 2012, filed its Motion to Dismiss and/or for Summary Judgment. Plaintiff Alvina Shaw has not, to this date, filed a response to the motion.

II. Legal Standard

Under Federal Rule of Civil Procedure 8(a), a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[t]o survive a [Rule 12(b)(6) ] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing*

*Twombly*, 550 U.S. at 556). In determining plausibility, courts should first disregard "formulaic recitation[s] of the elements" of the legal claim as conclusory, then consider only the remaining, well-pleaded facts. *Id.* at 681 (*quoting Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." *Id.* at 679 (alterations and internal quotation marks omitted) (*quoting* Fed. R. Civ. P. 8(a)(2)). If these facts fail to "nudge [the] claims across the line from conceivable to plausible, [then the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

III. <u>Analysis</u>

A. <u>Fraud</u>

The Court agrees with Wells Fargo and dismisses Shaw's fraud claim as a matter of law because Shaw fails to allege facts to state a plausible claim and fails to meet the heightened pleading standard set forth in Rule 9 of the Federal Rules of Civil Procedure.

To state a claim for fraud under Texas law a plaintiff must allege (1) that the defendant made a representation to the plaintiff, (2) that the representation was material, (3) that the representation was false, (4) that when the misrepresentation was made the defendant knew it was false or made it recklessly and without knowledge of its truth, (5) that the defendant made it with the intent that the plaintiff act on it, (6) that the plaintiff relied on the representation, and (7) that the representation caused injury to the plaintiff. *Shandong Yinquang Chem., Indus. Jt. Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010), *citing Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). A false representation is material if a reasonable person would attach importance to and be induced to act on the information. *Id.* at 1033. "A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). Nevertheless, "the mere failure to perform a contract is not evidence of fraud." *Id.*

In addition to Rules 8(a) and 12(b)(6), fraud claims must satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "in allegation[s] alleging fraud…, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other condition of a person's mind may be alleged generally." A dismissal for failure to plead with particularity as required by this rule is treated the same as Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statement were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Wells Fargo argues that Shaw fails adequately, specifically or properly to plead her common law fraud cause of action and that Shaw's pleading fails to give Wells Fargo fair notice of the substance of Plaintiff's claim as required by Rule 12(b)(6). Wells Fargo further argues that Shaw's formulaic recitation of the common law fraud elements and conclusory allegation unsupported by facts are insufficient to state a claim of fraud. Def's. Motion at 5, Doc 1. The Court agrees.

Furthermore, Shaw's allegations are wholly inadequate under Rule 9(b) for the following reasons: (1) Shaw fails to specify the fraudulent statements and simply alleges that Wells Fargo made fraudulent statements; (2) Shaw does not properly identify the speaker who made the allegedly fraudulent statements; (3) Shaw fails to provide any information as to the time and place the allegedly fraudulent statements were made; and (4) Shaw fails to specify why and how the alleged statements were fraudulent. Instead, all Shaw alleges is that Wells Fargo "intentionally misrepresented its intentions" and that she understood the foreclosure would be stopped or delayed. Pl.'s Original Pet. at 3, Doc. 1.

Any alleged representation by Wells Fargo to halt the foreclosure sale constitutes a promise to act in the future. As stated above, for a future promise to be actionable, the party must show that it was made with the intention and purpose to deceive and with no intention of performing the act. Shaw fails to state

any facts that make any alleged representation of a future promise to act by Wells Fargo actionable. The fraud claim is subject to dismissal.

B. Wrongful Foreclosure

Shaw requests that the Court declare the foreclosure sale a wrongful foreclosure. Pl.'s Original Pet. at 3, Doc. 1. Shaw, however, does not assert any facts in support of such a claim.

A plaintiff asserting wrongful foreclosure must show (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet .), *citing Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied). Moreover, there must be evidence of an irregularity that "must have caused or contributed to cause the property to be sold for a grossly inadequate price." *In re Keener*, 268 B.R. 912, 921 (N.D. Tex. 2001). "Under Texas law a grossly inadequate price would have to be 'consideration so far short of the real value of the property as to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.' " *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11–CV–359–A, 2012 WL 2511169, *9 (N.D. Tex. June 29, 2012), *citing FDIC v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990), *quoting Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App.—Dallas 1932, no writ) ("The weight of Texas authority rejects a determination of gross inadequacy where ... property sells for over 60% of fair market value.")

In this case, Shaw does not plead (1) a defect in the foreclosure proceedings; (2) a grossly inadequate sale price; or (3) a connection between the two, all essential elements of a wrongful foreclosure claim; rather, Shaw relies solely on the same insufficient allegation made in support of her fraud claim. Shaw has not, when the conclusory allegations are disregarded, stated a claim for wrongful foreclosure.

As for Shaw's claim of wrongful foreclosure due to failure to properly notice, § 51.002(e) of the Texas Property Code requires only constructive notice, i.e., service of notice is complete when it is deposited in U.S. certified mail, so the fact that the borrower may not have received it is not dispositive. *Adepo v. Litton Loan Servicing, L.P.*, No. 01–07–00708–CV, 2008 WL 2209703, * 4 (Tex.App.-Houston [1st Dist.] May 29, 3008, no pet.); *Hill v. Fremont Inv. & Loan*, No. 05–02–01438–CV, 2004 WL 1178607, *3 (Tex.App.-Dallas May 28, 2004). Furthermore, Shaw has not alleged how the foreclosure notice provided by Wells Fargo was inadequate.

Finally, under Texas law, recovery under a wrongful foreclosure claim is based on the mortgagor's possession. *Petersen v. Black*, 980 S.W.2d 818, 823 (Tex.App.-San Antonio 1998, no pet.) ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession "based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property."). Where the mortgagor's possession is undisturbed, he has no compensable damage." *Id*. Here, Shaw's retention of possession bars her wrongful foreclosure claim. *Medrano v. BAC Home Loans Servicing, LP.*, No. 3:10–CV–02565–M (BF), 2012 WL 4174890, *3 (N.D.Tex. Aug.10, 2012) ("Plaintiffs never lost possession of the Property and are seeking damages for an attempted wrongful foreclosure. An attempted foreclosure is not an action recognized under Texas law.") (and cases cited therein); *Motten v. Chase Home Finance*, 831 F.Supp.2d 988, 1007 (S.D.Tex.2011). The wrongful foreclosure claim is subject to dismissal.

    C.   <u>Slander of Title</u>

Shaw alleges that Wells Fargo "never had ownership rights in the mortgage loan" and has wrongfully claimed title to the property. These allegations are in substance, if not in form, an action to quiet title. Pl.'s Original Pet. at 3, Doc. 6.

A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld." *Reardean v. Citi Mortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL

3268307 at *5 (W.D. Tex. July 25, 2011), citing *Poretto v Patterson*, 251 S.W.3d 701, 708(Tex. App. ____ Houston [1st Dist] 2007, no pet.). The cause of action "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Morlock, L.L.C. v. Bank of Am.*, N.A., CIV.A. H–12–0364, 2012 WL 1640895 (S.D.Tex. May 8, 2012) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." Id. (citing *U.S. Nat. Bank Ass'n v. Johnson*, No 01-10-00837-CV, 2011 WL 6938507 *3 (Tex.App.-Houston [1st Dist.] Dec.30, 2011). "To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.' " *Reardean*, 2011 WL 3268307 at *5 (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex.App.-Beaumont 2000, pet. denied)). Lastly, "a plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice." *Morlock*, 2012 WL 1640895 at *3 (citing *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.-Corpus Christi 2001)).

In this case, Shaw does no more than challenge the validity of Wells Fargo's ability to foreclose by asserting "Defendant never provided Plaintiff proof…[it] had the right to initiate foreclosure" nor "a copy of any conveyance from…World Savings Bank to Defendant." Pl.'s Original Pet. at 3-4, Doc. 1. Shaw fails to allege that she has superior title, and thereby fails to state a claim to quiet title. Moreover, Shaw lacks standing to challenge the validity of the mortgage transfer from World Savings Bank to Wells Fargo. "[A] nonparty to the mortgage assignment ... does not have standing to contest it." *Hazzard v. Bank of American, NA,* No. C-12-127, 2012 WL 2339313 at *3 (S.D. Tex. June 19, 2012) (citing *Schieroni v. Deutsche Bank Nat'l Trust Co.*, No. H–10–663, 2011 WL 3652194 at *5 (S.D.Tex. Aug.18, 2011); *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10–CV–504, 2011 WL 2200672, at *5 (E.D.Tex. Apr.28, 2011)); See also *Eskridge v. Fed. Home Loan Mortg. Corp.*, W–10–CA–285, 2011 WL

2163989, at *5 (W.D.Tex. Feb.24, 2011). Because Shaw was not a party to the original assignment, Shaw does not have standing to contest the validity of the assignment. The slander of title/suit for quiet title is subject to dismissal.

### D.  Promissory Estoppel

Shaw's promissory estoppel claim is based on allegations of "an agreement that the property would not be foreclosed and Plaintiff would be given sufficient time to request a modification of her loan." Pl.'s Original Pet. at 6, Doc. 1. Since neither party signed any written agreement to that effect, the Court agrees that Shaw's promissory estoppel claim is barred by the statute of frauds.

Under Texas law, the statute of frauds applies to loan agreements for amounts exceeding $50,000.00 and requires that they be in writing and signed by the party to be bound in order to be enforceable. Tex. Bus. Code Ann. § 26.02(a)-(b). "'Promissory estoppel is a narrow exception to the statute of frauds.'" *Hurd*, 2012 WL 1106932, at *10. *quoting Schuhart v. Chase Home Fin., LLC*, Civ. A. No. C–05–385, 2006 WL 1897263, * 4 (S.D. Tex. July 10, 2006). To state a claim for the defense of promissory estoppel, the plaintiff must allege facts showing (1) a promise, (2) foreseeability of reliance on that promise by the promisor, and (3) substantial reliance on the promise by the promisee to its detriment. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n. 25 (Tex. 2002), *citing English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Furthermore the plaintiff must allege facts showing that "the defendant promised to sign an agreement satisfying the statute of frauds." *Cavil v. Trendmaker Homes, Inc.*, Civ. A. No. G–10–304, 2012 WL 170751, *7 (S.D. Tex. Jan.19, 2012) (*citing "Moore" Burger, Inc. v. Phillips Pet. Co.*, 492 S.W.2d 934, 937 (Tex. 1972)), *appeal dism'd,* No. 12–40195 (5th Cir. May 10, 2012). An alleged oral agreement not to foreclose while a loan modification application is pending would alter the written loan agreement in the promissory note and the deed of trust and thus would be unenforceable unless memorialized in writing. *Enis v. Bank of America, N.A.*, Civ. A. No. 3:12–CV–0295–D, 2012 WL 4741073, *3 (N.D. Tex. Oct. 3, 2012).

Shaw has pleaded no facts supporting the essential elements of a promissory estoppel claim: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521 (Tex. 1983). Shaw merely alleges that "an oral contract exists between Plaintiff and Defendant" and that "Defendant through its employees and agents entered into an agreement." Pl.'s Original Pet. at 4 and 6, Doc. 1. The statute of frauds bars these allegations of subsequent oral modifications of the loan agreement. The promissory estoppel claim is subject to dismissal.

E. Accounting

Shaw alleges that an accounting is warranted as follows: "Defendant has never provided an accounting of funds received prior to foreclosure and funds received at the foreclosure sale. Plaintiff would ask that the Court issue an order compelling the Defendant to provide a full accounting of Plaintiff's account associated with the subject property, and to provide an accounting of all funds received or credited as a result of the foreclosure sale." Pl.'s Original Pet. at 7, Doc. 1. It is not clear from Shaw's pleading whether she intended to assert a separate claim for an accounting, or whether she is seeking an accounting as a remedy. To the extent Shaw intended to assert an equitable claim for an accounting, her allegations are insufficient to state such a claim with plausibility.

While "[a]n action for accounting may be a suit in equity[,]…[a]n equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained by law." *Michael v Dyke*, 41 S.W.3d 746, 754 (Tex. App.—Corpus Christi 2001), *abrogated on other grounds as recognized in Buck v Palmer*, 2010 WL 5167704 (Tex. App.—Corpus Christi 2011). Here, there are no allegations that either the facts or the account at issue are complex, or that Shaw cannot obtain the accounting information she seeks through discovery. *See Brown v. Cooley Enterprises, Inc.*, 2011 WL 2200605 at *2 (N.D. Tex. June 7, 2011). Thus, Shaw has not set forth any facts that would support a separate claim in equity for an accounting, and any such claim is subject to dismissal under Rule 12(b)(6).

F. <u>Declaratory/Injunctive Relief</u>

In her claim for declaratory judgment, Shaw seeks a declaration that Wells Fargo's foreclosure is a "violation under the Texas Civil Practice Remedies Code, Section 15.011" and that "Defendant never provided Plaintiff with proof…[it] had the right to initiate a foreclosure." Pl.'s Original Pet. at 1 and 3, Doc. 1. Additionally, Shaw seeks injunctive relief against Wells Fargo "prohibiting interference with Plaintiff's possession, title or occupancy of the subject property." Pl.'s Original Pet. at 9, Doc. 1.

When a request for a declaratory judgment is originally brought in state court and later removed to federal court, that request is analyzed under the federal Declaratory Judgment Act of 1934, 28 U.S.C. §§ 2201–2202. *Toops v. U.S. Fid. & Guar. Co.*, 871 F.Supp. 284, 287 n. 2 (S.D. Tex. 1994), rev'd on other grounds *sub nom. Toops v. Gulf Coast Marine Inc.*, 72 F.3d 483 (5th Cir. 1996). "The operation of the Declaratory Judgment Act is procedural only," enlarging remedies but not substantive rights, *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 938 (5th Cir. 2012) (*quoting Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950)), so the Court "may declare the rights and other legal relations of [parties]" only "[i]n a case of actual controversy [already] within its jurisdiction." 28 U.S.C. § 2201. Similarly, under Texas law, "[i]njunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.*, Civ. A. No. 3:10-CV-0592-D, 2010 WL 2772445, *4 (N.D. Tex. July 12, 2010) (*citing Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. – Houston [1st Dist.]2008). To sustain a claim for injunctive relief, a plaintiff must first plead a viable underlying cause of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

As discussed above, Shaw has pled no viable causes of action; therefore, Shaw's claim for a declaratory judgment and injunctive relief are subject to dismissal.

G. <u>Attorney Fees</u>

Wells Fargo argues that it is entitled to recover reasonable attorney's fees and costs pursuant to the Deed of Trust.

Pursuant to Texas law, which provides the rule of decision in diversity cases, a party may only recover fees and expenses incurred in litigating an action if authorized by contract or statute. *Modabberi v. Wells Fargo Bank, N.A.*, No. 3-11-CV-3602-M-BD, 2012 WL 3100760, at *1 (N.D. Tex. July 10, 2012) (memorandum and recommendation) (unpublished) (citing *Hill v. Imperial Sav.*, 852 F.Supp. 1354, 1371 (W.D. Tex. 1992)).

Paragraph 7 of the Deed of Trust provides that:

> If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's right in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce law or regulations); then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's right in the Property. Lender's actions may, without limitations, include appearing in court, paying reasonable attorneys' fees, purchasing insurance required under Paragraph 5 above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions. Although Lender may take action under this Paragraph 7, Lender does not have to do so. Any action taken by Lender under this Paragraph 7, will not release me from my obligation under the Security Instrument.
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest at the interest rate in effect under the Secured Notes which have not been paid. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. Interest on each amount will begin to accrue on the date that the amount is advanced by Lender. However, Lender and I may agree in writing to terms that are different from those in this paragraph 7. This Security Instrument will protect Lender in case I do no keep this promise to pay those amounts with Interest. *See page 1 of Exhibit D (Doc. 6).*

The relevant question is whether this action constitutes a "legal proceeding that may significantly affect" Defendant's rights pursuant to the Deed of Trust. Defendant relies on *In re Velazquez*, 660 F.3d 893, 899–900 (5th Cir. 2011), a case in which the Fifth Circuit awarded the defendants attorneys' fees based on a nearly identical provision. However, *Velasquez* was a bankruptcy proceeding, and, as in Paragraph 7 of the Deed of Trust here, the provision at issue in that case listed "a proceeding in bankruptcy" as a legal proceeding that would warrant an award of attorneys' fees. Unlike *Velazquez*, the

11 / 13

one at issue here is not expressly included in Paragraph 7 as a legal proceeding that might significantly affect Defendant's rights pursuant to the agreement. Nevertheless, Plaintiff's action falls well within the scope of Paragraph 7 because Defendant Wells Fargo is defending this action to protect its rights pursuant to the Deed of Trust.

Accordingly, to the extent that Wells Fargo prevails in this action, it is entitled to reasonable attorneys' fees and costs it incurred in defending this action. To recover such fees and costs, however, Wells Fargo has the burden of establishing the basis for any attorneys' fees request and their reasonableness. Wells Fargo has attached Exhibit E, an affidavit for attorneys' fees and costs establishing entitlement to an award and documenting the hours worked. Wells Fargo relies exclusively on the Declaration of George A. Kurisky, Jr., showing that he and other attorneys and staff at the law firm of Johnson DeLuca Kurisky & Gould, P.C. performed a total of thirty-five hours of legal services at rates ranging from $275 per hour to $400 per hour. They request an award of $10,000 for attorneys' fees and other expenses, which reflects a blended hourly rate. It is unclear how Wells Fargo actually arrived at this sum because it has not identified who performed the work, what work was performed by whom, how the blended rate was calculated, or provided any documentation of costs or bills borne by Wells Fargo. *See Daniels v. Wells Fargo Home Mortg.*, C.A. No. G-12-163, 2013 WL 1222413, at *7 (S.D. Tex. Feb. 21, 2013) (noting *Hensly v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Court grants leave to Wells Fargo to submit an amended request for fees within fourteen (14) days of entry of this Opinion and Order.

IV. Conclusion

Based on the foregoing, the determination that Shaw's pleading does not contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face," and the fact that Shaw, who is represented by counsel, did not file a response to Wells Fargo's Motion to Dismiss and has not in any way indicated a desire to amend her pleading, the Court

**ORDERS** that Defendant Wells Fargo Bank, N.A. Motion to Dismiss (Doc. 6) is **GRANTED** and Plaintiff's claims are all **DISMISSED** pursuant to 8, 9(b), and Rule 12(b)(6) for failure to state a claim. Wells Fargo shall file an amended request for attorneys' fees and expenses within fourteen (14) days. Plaintiff shall file any objections within fourteen (14) days of the filing of the amended request.

SIGNED at Houston, Texas, this 10th day of September, 2013.

_____

MELINDA HARMON

UNITED STATES DISTRICT JUDGE